The first case for argument this morning is 21-1855, Cywee v. ZTE. Mr. Kocajian. Did I pronounce your name right? Yes. Thank you, Your Honor. I appreciate it. Good morning.  I want to bring two specific errors to the attention of this Court in this appeal. The Board erred in allowing time-barred joint party, LGE, to participate in this unprecedented manner and extent that it did. And second, the Board erred by improperly denying Cywee's request for a motion to amend. On the first point you raised, so you're confined to whether or not their participation should have been allowed in the motion to amend situation? Or in the case in its entirety? Basically, it should have been limited to what a joined time-barred party has typically been allowed to do, which is that they can participate, and ZTE was the original petitioner, LGE is the time-barred petitioner, that voluntarily agreed to take on an understudied, passive role, and they were admitted on that basis. When you refer to the party as a time-barred party, they're not time-barred with respect to joinder, right? They were time-barred. I mean, doesn't 315 specifically say that the time-bar does not apply to a joinder under 315C? It actually says that the time-bar does not apply. 315B says the time-bar does not apply only for a request for joinder. It has never been said to, therefore, allow substantial participation for a time-barred party equal to the original petitioner. That has never been the position of this Court. It's never been the case in previous decisions of the Board as well. And here, they're... So you're not talking about whether they, I think, following up on what Judge Stoll said. I mean, it says the statute explicitly in B says you can request joinder, and C is joinder under 3. So assuming if Congress contemplated a request, they obviously contemplated the possibility that someone would grant the request, right? Yes, Your Honor. So you're not talking about joinder necessarily. You're talking about what, once having been joined, how much the joined party is allowed to do in the proceedings. Exactly. And where do we look for the answer to that question? In the Board regulations, in Huntington? Basically, several things, Your Honor. First, it's always been part of this compromise, and so we can't have the exception swallow the rule and simply say, hey, the time-bar is now gone for joined parties. That simply would be not right because it's part of the compromise in the AIA. What compromise are you talking about, and where is that in the statute? Your Honor, where it is in the statute is that it says it's only for a request, and that has been interpreted by— I don't understand that argument. If they're allowed to request joinder, we just went over this. That assumes that joinder is going to be granted. Yes, Your Honor. And if there's no time-bar for that request, then that contemplates time-bar parties from being joined. And you agree that that's possible? Yes. We're asking you about where do the limitations on their participation come from, and you're not giving us a very clear answer. Are they in—I don't think they're in the statute. Are they in the regulations? Basically, the Board has always said, and that has been their practice— Said where? In their regulations?  Okay. In what decisions? I'm sorry, Your Honor. In what decisions, and what did they say? And we have listed every one of these decisions in our opening brief, and every time. They've been allowed to participate if the original petitioner goes away. But in this case, number one, ZT is still adverse. ZT is still challenging the original claims and the amended claims. And in addition— No, they're not. I mean, I thought that was the point of this. The Board only allowed LG to participate because for the second amended claim, ZT indicated that they were not going to oppose. So there was no one left other than the Board itself, so it was Fonte or LG. Yes, Your Honor. Only with respect to the revised amended claims. Okay. On the record, ZT has said, we're not going to challenge those claims that have been amended for the second time. That's correct. I was just going to say, so then the Board took that as meaning that there was no party opposing the second amended claims, and that therefore LG could participate in that limited manner, right? Yes, Your Honor. Exactly. In the limited manner, where basically, what was really permitted went far beyond the limited manner, where they could basically bring in new art. Do you think that if ZTE was opposing those amended claims, the second amended claims, couldn't ZTE bring in new art? They could bring in new art for the amended claims. That's right. Yes. And they deliberately chose not to use the with and also not. Why can't LGE, who's stepping in the shoes of ZTE, with the petition that ZTE provided, but also with the second amended claims, why couldn't they then raise prior art when you agree that ZTE could have? Number one, ZTE, yes, they could bring in new art, but we only ask for, if they're going to bring in new art for the revised amended claims, then we should at least get fair notice and we should be given a chance to respond. Well, ironically, am I missing something about what happened in this case? You were the ones that brought in the new prior art, right? I mean, you listed the new, I can't pronounce the name, but it starts with a W. With and also. You brought it in, so we're not even faced with the issue. Didn't you put it in as under your duty of candor? We mentioned it because it was part of the Google IPR, but we, it was never part of the record in this appeal. So you're saying that LG, ZTE could have done that, but LG couldn't have done that. And if they did, then we would want a chance to respond. Okay, so explain to me, that's the part I want to know more about, because I, maybe I misread the record, but I understood that you did have an opportunity to respond. I mean, they put in their, LG gives their opposition with the declaration and you get to respond. And I think under whatever authority there is, the board's rules or whatever, you could put in new evidence. You could have put in a declaration and you chose not to. You relied on attorney argument. Am I wrong in my recitation? We relied on the expert reports that already existed, but we were not given a chance to amend our claims, for example. Oh, so you're not talking about being able to put in new evidence that's responsive to the opposition. Your complaint is that you should have been able to then amend your claim a third time? Because we were... Did you concede to amend your claim a third time and did that get rejected? We simply were never given the chance. Well, in order to get the chance in most of these proceedings, you need to ask for the chance. How can you say you were rejected when you never asked for it? How do we know if the board would have granted your request or not? Well, it's not part of the board's procedures, Your Honor. All that they give us is basically an amendment and a revised amendment. That's all they give us. But just along the same lines, Your Honor, the one thing that I want to point out is that for claim 22, which is a very critical claim, for that claim, we did not revise that claim. That claim was amended and ZT opposed that claim and the board in the preliminary guidance allowed that claim, so we did not revise it. And yet LG used a new reference, which the board's own rules say you cannot use... You cannot assert in your replies matter that has not been revised. And we did not revise that claim. Claim 22 was never revised. And yet LG produced a new piece of prior art against that claim. And then that claim was ultimately rejected when, by their own rules, by the board's own rules, the replies have to be limited to the revisions. Well, did you point that out in your response? Yes, we did, Your Honor. Yes, we did. This is just on claim 22. You're saying that was different, so... Yes. And what was the board's position on that? They just simply rejected claim 22, despite their own preliminary guidance saying it was allowable. And then... Well, did they deal in their opinion with the argument that you're telling us you made to them about how claim 22, they shouldn't have been allowed to... No, Your Honor. Let me make sure I'm following this. You had your first set of amended claims. You had claim 22. Yes, Your Honor. And then you had proposed revised claims. Other claims, but we didn't change 22. But 22 was included in that group of revised claims. You just hadn't changed it. We basically didn't change it. 22 was a replacement claim 14, and we just didn't touch it at all in the revision, because the board in the preliminary guidance said it was allowable. So there was no reason for us to do anything. So can you show us where you made that argument? Can you point us to the record? We've got a pretty hefty record here. Where you made that argument to the board. We will definitely do that, Your Honor. Okay, we've got a pretty good case. We will definitely do that, Your Honor. A couple of other points. ZTE actually was adverse all the way through. And the rules of preclusion in cases like Taylor v. Durgell and the judicial estoppel doctrine are the kind of important precedent where LG voluntarily made these concessions and yet chose to take on a different role afterwards. I want to also, in my limited amount of time, I want to talk about the revised motion to amend. There is written description support for a cellular phone. The cellular phone is shown. That's an alternative basis for affirming the board, right? It's only for claims 21 and 24. But the obviousness is for 22, 24, all of them. But there is support, and importantly, a provisional application is in fact a U.S. patent application publication because it is available publicly at the time the patent issues. And for the rules of incorporation under Section 1.57, what matters is whether at the time the patent issues, that information is publicly available. And every provisional, nobody disputes it, is available. It was properly incorporated by reference. And there was really no reason for finding that there's no cellular phone support. I know you're into your rebuttal time, but I want to go back to this plain 22 argument that you didn't change it so they shouldn't have it. Where's that in your blue brief? It's there, Your Honor. It is in our blue brief. Well, wait. I just looked through it and I don't see it. We'll find it for you, Your Honor. I mean, you wrote it. You should know what's in your brief. Is it at pages 47 to 48? Yeah. We mentioned it repeatedly. I also mentioned it in our reply brief, but we'll give you the page citation in just a minute, Your Honor. Well, the problem is when you do it on rebuttal, then it means they don't get to respond to the argument you're making here today. Yes, Your Honor. We understand. We believe we mentioned it in our blue brief as well. But we'll give you the page site for sure when I come back. Your Honor, it's there on page 47, at the bottom of page 47 in our blue brief. Thanks to my co-counsel. This is most egregious for claim 22. That's the language at the bottom on page 47 of the blue brief. Okay. All right. Thank you. Well, we'll use this for rebuttal time. So you're dividing your time up, but only two minutes for Mr. Foreman. Yes, Your Honor. Although, if you care to hear more from him, I'm happy to see more. William Peterson, on behalf of Appley LG Electronics, may it please the Court. When ZTE withdrew its opposition to Sywee's amended claims, the Board acted within its discretion in allowing LG to oppose them. The Board followed its reasoned policy preferences in favor of adversarial presentation and did not abuse its discretion. On the merits, substantial So what is your understanding of the Board's policy, that you could not participate as long as ZTE was involved in the case? Or is that just something that you gratuitously said you would do to make things a lot easier? I don't believe the Board has adopted a policy in a presidential decision or by regulations. It is something that we offered to the Board to serve in an understudy role as long as ZTE was an active party. And what we argued to the Board is that ZTE ceased to be an active party when it stopped opposing. Well, what about hypothetically? Let's leave aside the petition, because the petition is what it is. But let's assume in this amendment process that ZTE continues to participate, but you weren't satisfied with the job they were doing. And you thought their arguments were wholly insufficient. Although they were clearly participating, you weren't pleased with that. Would you then have the ability to co-in, or based on your agreement at least to the Board, would you have been precluded from participating? I'm going to say we would likely be precluded. I can come up with exceptions. For example, imagine there was some type of agreement between PSYWI and ZTE in which ZTE agreed to oppose, but to do so using only weak prior art references. You can imagine sort of nominally adversarial circumstances. But I think in general, as long as ZTE was actually opposing and fighting against them, we wouldn't be able to second-guess ZTE's strategic choices. Now, with regard to this piece of prior art that starts with a W and I can't pronounce, do you consider that new, or do you consider that having already been submitted by the patent owner in this case? We certainly think the patent owner referred to it, and ZTE appeared to have incorporated and directed the Board to its briefing about Withanawasam. You'll see that in appendix pages 1060 to 1061. That was in connection with what, that they were talking about Withanawasam? Their duty of candor. They were disclosing related prior art to the Board as part of the revised motion to amend. And recall, this was the same Board panel that heard the Google versus PSYWI IPR, which involved challenges to some of the same claims for the same patent, and essentially indistinguishable amendments, and found those proposed amendments in that IPR unpatentable, as obvious, over the combination of Withanawasam and Bachman. Do you think that that makes Withanawasam, however you say it, of record in this particular IPR? I don't know if it makes it of record. I think it makes it very close, given PSYWI's attempt to incorporate its briefing. Certainly under the Board's current regulations, which are even more restrictive than under the Hunting Titans standard that it was operating at the time, the Board would have been able to make it of record  So this is one where we think, even if LGE had not presented these arguments, the Board certainly would have been able, sua sponte, to identify this evidence. What's your response about Claim 22? If Claim 22, between the first suggested proposed amendment and the second proposed amendment, never changed, why is it that LGE should be able to rely on new prior art for that particular claim? We're operating under the Board's pilot process related to amendments. You'll find that 84 Federal Register 9497-01, it sets out the procedures, and it gives a patent owner a choice when it has requested preliminary guidance. In response to preliminary guidance from the Board, the patent owner can simply say, we are not going to file anything. At which point the petitioner then files a response to the preliminary guidance, but the petitioner cannot file new evidence at that point. And then the patent owner gets to file a reply to the petitioner's response and doesn't get to file new evidence. But the patent owner has another choice, which is what PSYWI took, and that is to file a revised motion to amend. And when they file that, the petitioner gets to come in and essentially restart the motion to amend, based on responses to the preliminary guidance, what's already been said. And in response to that, the petitioner gets to respond to the revised motion to amend with evidence and arguments that it has available in response to that and response to the preliminary guidance. So under this pilot program, the Patent Office explains that, generally speaking, new evidence can be submitted with every paper in the motion to amend process. So that's 84 Federal Register, 9500. So this is one where when PSYWI filed a revised motion to amend, ZTE, LG, whoever was opposing that revised motion was able to come forward with evidence. Now the easier argument, Judge Stoll probably on this record, is simply forfeiture. That although PSYWI complained generally about LG's participation in the process, PSYWI never complained about LG raising the Withonam-Lawson reference in opposition to any of its claims in response to the revised motion to amend. I think the closest my friend came was in a motion to exclude LG's evidence  and you'll see that motion to exclude at appendix pages 1577 to 1583. But the board rejected that motion to exclude both on the merits and because that motion to exclude was untimely. You see that on appendix pages 100 to 101. And what the board said was reliance on generalized objections to LG's participation is insufficient. And that's exactly what they're trying to rely on now. Generalized objections to LG's participation by supporting this very specific argument about the use of Withonam-Lawson in particular and particularly with respect to Claim 22. So what we finally found in the blue brief on page 47 was not an argument that was made to the board. No, Judge Gross, it was not. They objected to LG's participation. They objected to several arguments that they identified as new arguments and you'll generally see those listed as appendix page 96 of the board's decision. There's a listing of issues such as patent eligibility under section 101. You'll see them listed as patent owner estoppel. But what you don't see is any specific objection that says you cannot raise new prior art in response to our revised motion to amend. Well, I thought that the argument we were talking about here on Claim 22 was even more specific than that. And I'm sorry, you certainly don't even see and you especially can't raise new prior art with respect to Claim 22. And so you can see on appendix page 99 what the board said is it was not going to address the substance of LG's new arguments. So the new arguments were things like patent eligibility, patent owner estoppel. Unpatentability under section 103 was the same argument supported by new evidence and it rejected SAIWI's motion to exclude on appendix pages 100 to 101 as untimely. Thus we find SAIWI did not make a timely objection to the challenged exhibits. I have a more general question for you. In a circumstance like this where a party would not necessarily be able to participate and instead has to take a back seat as a joining party, why do parties want to join other petitioners' IPRs? It's an interesting question, Judge Scholl. It's one that we have discussed. There are some advantages to doing so. One is that it may delay district court proceedings as a participant in an IPR. The other is to collaborate. The board directed LG and ZTE to file papers in the IPR jointly. It directed them to file them as consolidated proceedings and it also protects LG against the risk of ZTE settling the IPR. So if ZTE had reached a settlement agreement with SAIWI and simply withdrawn, LG at that point would have been able to step forward and become the lead petitioner at that point after ZTE had settled. The board isn't required to proceed to a final decision if there's a settlement with a petitioner and so having a joint petitioner in that case would allow LG to participate. But I do think this case and this non-opposition by ZTE illustrates some of the possible risks for a joint petitioner and it may be we'll be advising our clients in the future to be more careful with it, but I also think the board acted quite wisely in following the principles of adversarial presentation and ensuring that there was a real testing of the proposed amended claims. I correct in understanding that when you join you also agree to be bound by any estoppel. That is certainly possible. I think we would have had arguments based on the unique facts of this case that we may not have been bound in the same way, but that was certainly it looked like SAIWI's intent was to use estoppel against us and to argue that invalidity was simply off the table for the amended claims in a district court proceeding where ZTE did not oppose the amendment and the attempt at least was for LG not to be able to raise any opposition to the amendment at all. Can I just ask you a general question because I haven't had one of these pieces in a while. So if you join then have we decided yet whether or not, I mean estoppel would apply in the district court proceedings correct if you joined as a party to this case and in that circumstance you would be bound in terms of estoppel and limited to what the petition said that the other side filed, right? So there's a risk for you going in. There certainly is and we certainly accepted that risk with open eyes. Again, we were instructed to coordinate jointly with ZTE. We were very happy to do so. I think we accepted the risk that ZTE might choose strategically to oppose the revised amended claims in a way that was different than we might choose to oppose them but I don't think we accepted the risk that ZTE would, in its own words, withdraw all objections to the amended claims. But you would, I mean, in your understanding, I'm a little confused because it was a regulation that's in effect now but it wasn't in effect when the board decided this case. Was there some change in the jurisprudence here? The regulation with respect to the prior art that the board can consider? Yes. Yes, so if you recall, the board issued the precedential decision in Hunting Titan and that was in between the initial denial of LG's participation and the board's reconsideration. That precedential decision in Hunting Titan said that the board may always consider any new grounds of unpatentability that's consistent with the Nike decision but should do so in certain rare circumstances. Now it suggested the board could consider new grounds of unpatentability when, for example, the petitioner didn't oppose a motion to amend and also said even if a petitioner opposes a motion to amend there may be times when the board should step in and consider readily identifiable evidence of record. Following the Hunting Titan decision by the precedential panel, the board, the patent office issued regulations. What those regulations say is, and that's 37 CFR 1.21 D3, it suggests that that readily identifiable and persuasive limitation would apply even when a patent owner doesn't participate. When a petitioner doesn't. That was what your concurrence in Hunting Titan highlighted, Judge Prost. So we certainly share that concern. Those regulations don't apply in this case, but I would note even if they did apply, those regulations would still allow the board to have considered it without a loss of reference. Unless the panel has further questions. Thank you. May it please the court. I'd just like to address two issues quickly. First is the issue about Claim 22. I agree with LG's counsel that that issue was forfeited because it wasn't raised before the board. Even if they can point to something in the blue brief about it, they did not raise it before the board. Second, with respect to Claim 22, even if they have raised the issue, I think LG had the right to raise a new prior art. If you look at the Federal Register guidance on the Motion to Amend Pilot Program, it says that both the opposition and the reply may be accompanied by new evidence that responds to issues raised in the preliminary guidance or in the corresponding revised Motion to Amend or opposition. So LG was allowed to raise new evidence in response to issues raised in the preliminary guidance. So if the board looked at the first opposition to the Motion to Amend with respect to Claim 22 and said, you know, we think that petitioner didn't meet its burden, then petitioner is allowed to offer new evidence that responds to that. So if they say, well, okay, well, the board rejected us here. Really? If we had just Claim 22 and no other claims had issued here, they get a second bite? Well, no. I mean, if we had Claim 22 and the board said that the claim was patentable, then there wouldn't be a need for a revised Motion to Amend. But because there is because there was a revised Motion to Amend, I don't see any problem with responding based on the board's preliminary guidance. I guess the other quick issue I want to raise is one quick question. It's my understanding that once the party is joined, there are no actual statutes or regulations that prohibit their participation in the IPR. And instead, there's prior board decisions. Do I have that correct? That any prohibitions are coming from not from regulations or statutes? That's correct. The only prohibition that I'm aware of is this court's precedent stating that a joined party cannot raise new grounds in their petition. Otherwise, there's no... Because that comes from statute then, an understanding of what the petition, that the petition sets the standard. Correct. That's this court interpreting the statutes. And I guess, quickly, the one other issue I just want to raise is with respect to this incorporation by reference issue. The regulation clearly states that essential material is only a U.S. patent or U.S. patent application publication. The PTO has explained why that is the case because it wants the essential material easily found by the public. So it either needs to be in the specification or in a document that is easily retrieved by the public. And the PTO has made the policy decision that U.S. patents and published U.S. patent applications are easily retrievable by the public and can be considered essential material. And as a practical matter, why isn't the other document, a provisional, why isn't that easily obtainable by the public? Because they're not necessarily published. There are certain circumstances where a provisional can become publicly available, but it's not, as a rule, they're not considered published applications. They're not always published. Thank you. Okay, since we went over, sir, we'll restore four minutes of rebuttal if you need to. Thank you, Your Honor. Your Honor, first, with respect to Claim 22, that issue was absolutely not forfeited. Here's the sequence of events. Do you have the cite for us? Yes, that's going to be the best way to answer this question is to tell us exactly where we're going to find where you raised it in the appendix. Yes, Your Honor. The sequence with appendix cites is listed in pages 47 and 48 of the blue brief, but briefly what we did was in the reply to LG's opposition to our revised motion to amend, we noted that Claim 22 was not revised because it was deemed to be allowable by the Board. The other four claims we revised because the Board had problems in its preliminary guidance with respect to those four claims. And so we revised only the claims where the Board had a problem with it, and we told the Board that we're not revising the fifth claim because it's allowable. And so that's where on the record we pointed that out. What is your appendix cite? I'm sorry? We had asked you for an appendix cite. I didn't hear one. Oh. Well, I'm looking at what you cited on page 47. But, I mean, if you want to give us the exact appendix cite that you think is best, that would be helpful. Yeah. I believe the appendix cite relating to the Board's preliminary guidance is 1250-1251. What about where you actually raised this issue? What is the best cite for that? I don't have that handy, Your Honor, but we will make that available to you, and we'll point out to you in a letter where we challenge that. Also, it is incorrect when they say that the Board's rules, it's a free-for-all once you file a revised motion to amend. That is not the Board's rules. The Board's rules do not allow an opposition to a revised motion to amend to rehash all issues and arguments. The RMTA itself is limited by its own rules to the preliminary guidance or to the petitioner's oppositions, and all other filings are limited in scope to the specific points raised in the revision. So their replies have to be limited to things that are in the revision. Where things are not revised, they don't get to bring in new art like they did to respond to things that we didn't even touch. The question remains, are you going to, by today, give us a cite to the appendix? Yes, we will, Your Honor. We will definitely do that. In addition, Your Honors, the Wittgenossam reference was very much part of these IPRs, but ZTE never relied on Wittgenossam, even though they were aware of it. They were part of the Google IPR where Wittgenossam was mentioned, and ZTE never relied on it in their motion, in their response to our motion to amend. And both LG and ZTE were aware of the reference, and they knew it. So LG basically took on the risk, because they could have filed their own IPR. I don't understand the point you're making. If ZTE didn't raise it in the First Amendment, and then it disappears from the scene and isn't opposing the Second, are you saying that LG couldn't make arguments that ZTE didn't make in the First Amendment? They could make arguments, but they couldn't bring new art. Well, it's not new art to the record. You mean it's art different than what ZTE had put forward in the First Amendment? Yes, Your Honor. And what is your basis for that limitation? I mean, if ZTE had remained, and there were second amended claims, ZTE could have brought in that reference. But is that your position, or that they couldn't have done it either? Well, we have never been confronted with a situation where, in the second round of amendments, new art is brought in. That has never been a situation. But the original petitioner is different. We understand the original petitioner is different. Here, we're dealing with a time-barred joint petitioner. And so there's never been a case in front of the board where a time-barred joint petitioner has brought in new prior art references and made new arguments which they were never allowed to make in the first place. This is entirely new territory, Your Honor. Okay. Thank you. You have your argument. Your time has expired. Thank you. Thank both sides.